a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PARAMANATHAN KETHEESWARAN #A213452668, Plaintiff | CIVIL DOCKET NO. 1:20-CV-00744 SEC P |
| VERSUS | JUDGE DRELL |
| WILLIAM P BARR ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 5) filed by *pro se* Petitioner Paramanathan Ketheeswaran ("Ketheeswaran"), and a Motion to Dismiss (ECF No. 20) filed by the Government. At the time of filing, Ketheeswaran was a detainee in the custody of the U.S. Immigration and Customs Enforcement ("ICE"), housed at the Allen Parish Jail in Oberlin, Louisiana.

Because Ketheeswaran has been removed, the Motion to Dismiss (ECF No. 20) should be GRANTED and the Petition (ECF No. 5) should be DISMISSED.

I. Background

Ketheeswaran is a native and citizen of Sri Lanka who entered the United States seeking asylum. ECF No. 1 at 5. An immigration judge denied asylum on November 29, 2019. ECF No. 1 at 5. Ketheeswaran remained in custody pending his removal. According to a Declaration of Matthew W. Reaves, Assistant Officer in

1

Charge, Ketheeswaran was removed to Sri Lanka on January 14, 2021. ECF No. 20-2 at 2.

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Based on the Government's unopposed contention that Ketheeswaran has been removed, the § 2241 Petition is moot. *See Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 20) be GRANTED and the Petition (ECF No. 5) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, March 17, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE